UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

DONALD WAREHOUSE,                  :

    Plaintiff                                  :   CIVIL ACTION NO. 3:22-CV-1356

    v.                                              :          (JUDGE MANNION)

TRUIST BANK                              :

    Defendant                            :

## O R D E R

1. The parties have agreed to submit this matter to mediation.

2. The following individual is appointed to serve as the mediator in this action:

   Hon. Thomas I. Vanaskie
   Stevens & Lee
   425 Spruce Street, Suite 300
   Scranton, PA 18503
   570-212-2307
   thomas.vanaskie@stevenslee.com

3. The mediation conference shall be scheduled by the mediator after conferring with counsel and take place within the reasonably foreseeable future as agreed upon by the mediator and counsel.

4. The mediation conference shall be conducted in accordance with M.D. Pa. Local Rule 16.8.6.

5. The mediator's preparation time and the first six hours of mediation services shall be provided *pro bono*. After six hours of mediation, the parties and the mediator shall agree to one of the options listed in M.D. Pa. Local Rule 16.8.3.

6. Since the mediators have access, free of charge, to documents in the cases they have been appointed to mediate, the mediator may select whatever documents he feel are necessary to assist in the mediation, from the CM/ECF docket.

7. The mediator shall file the attached report at the conclusion of the mediation.

8. Counsel are advised that their clients or client representatives with <u>complete</u> authority to negotiate and consummate a settlement shall be in attendance at the mediation conference. The purpose of this requirement is to have in attendance a representative who has both the authority to exercise his or her own discretion and the realistic freedom to exercise such discretion without negative consequences, in order to settle a case during the mediation conference, if appropriate, without consulting someone else who is not present.

9. Counsel appearing for the mediation conference without their client representatives authorized as described above, may, in the discretion of the mediator, cause the mediation to be canceled or rescheduled. The non-complying party/attorney or both may be assessed the costs or expenses incurred by other parties as a result of such cancellation or rescheduling, as well as any additional sanctions deemed appropriate by the court. Counsel are responsible for timely advising any involved non-party insurance company of the requirements of the order.

*s/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Dated: January 18, 2024**
22-1356-03

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DONALD WATERHOUSE,** | : | |
| **Plaintiff** | : | **CIVIL ACTION NO. 3:22-CV-1356** |
| v. | : | **(JUDGE MANNION)** |
| **TRUIST BANK** | : | |
| **Defendant** | : | |

## MEDIATION REPORT

In accordance with the Court's Mediation Order, a mediation conference was held on _____ and the results of that conference are indicated below:

\_\_\_\_\_ **The case has been completely settled.**

\_\_\_\_\_ **No settlement reached.**

\_\_\_\_\_ **The parties have reached an impasse. The parties and the mediator agree that a future mediation conference(s) may be beneficial and will engage in additional discussions, if appropriate.**

Date:

_____
Signature of Mediator